*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEVE MARITAS and UNITED FEDERATION
LAW ENFORCEMENT OFFICERS & SECURITY-
POLICE BENEVOLENT ASSOCIATION,

UNPUBLISHED
March 21, 2024

Plaintiffs-Appellants,

v

No. 365487
Macomb Circuit Court
LC No. 2022-004762-NZ

INTERNATIONAL UNIONS, SECURITY POLICE
AND FIRE PROFESSIONALS OF AMERICA,
DAVID L. HICKEY, and DWAYNE PHILLIPS,

Defendants-Appellees.

Before: GARRETT, P.J., and RIORDAN and LETICA, JJ.

PER CURIAM.

Years of contentious litigation and competition between the parties underscores this eavesdropping action. Plaintiffs, Steve Maritas and United Federation Law Enforcement Officers & Security-Police Benevolent Association (UFLEOS-PBA), sued defendants, International Unions, Security Police and Fire Professionals of America (SPFPA), David L. Hickey, and Dwayne Phillips,[1] alleging entitlement to civil remedies under MCL 750.539h for eavesdropping after defendants posted a photograph of Maritas online. The trial court granted summary disposition for defendants under MCR 2.116(C)(8), concluding that the posting of the photograph did not meet the statutory definition of "eavesdropping" because the photograph did not constitute "private discourse of others." On appeal, plaintiffs challenge this decision, arguing that defendants eavesdropped on Maritas because they intended to convey communication by posting his photograph online. Because the photograph does not record or transmit Maritas's "private discourse," plaintiffs failed to state a claim under MCR 750.539h. Accordingly, we affirm.

---

[1] Maritas is the organizing director for UFLEOS-PBA, while Hickey and Phillips are the international president and organizing director, respectively, for SPFPA.

# I. BACKGROUND

During a 2022 deposition, as part of a separate federal proceeding between the parties, defendants took a photograph of Maritas without his knowledge or consent. The deposition was recorded orally, not by video, and occurred in a boardroom belonging to defendants' counsel. Defendants published the photograph of Maritas on the Internet and used it in materials sent to members of defendants' union. Plaintiffs subsequently filed a complaint against defendants alleging that defendants violated MCL 750.539d—the criminal statute prohibiting the use of a device for transmitting, photographing, or eavesdropping in a private place—and requesting civil remedies under MCL 750.539h.[2]

Defendants moved for summary disposition under MCR 2.116(C)(8), arguing that plaintiff failed to state a claim under MCL 750.539h because the statute only applies to eavesdropping, not to the taking and distribution of photographs. The trial court found that the photograph of Maritas did not constitute the "private discourse of others" because it was not a communication of thought by words. As such, the trial court granted summary disposition in favor of defendants because plaintiffs failed to state a claim as a matter of law. This appeal followed.

# II. EAVESDROPPING

Plaintiffs contend that taking Maritas's photograph without his permission and distributing it violated MCL 750.539d. According to plaintiffs, this violation entitles them to civil remedies under MCL 750.539h because the photograph amounted to eavesdropping.

## A. STANDARDS OF REVIEW

"A decision on a motion for summary disposition and the interpretation of a statute are reviewed de novo." *Le Gassick v Univ of Mich Regents*, 330 Mich App 487, 494; 948 NW2d 452 (2019). On de novo review, "we give respectful consideration, but no deference" to the trial court's legal rulings. *Wasik v Auto Club Ins Assoc*, 341 Mich App 691, 695; 992 NW2d 332 (2022).

> A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint. When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019) (cleaned up).]

Resolution of this appeal turns on the proper interpretation of MCL 750.539h. "The primary goal of statutory interpretation is to give effect to the intent of the Legislature," and "[t]he most reliable evidence of legislative intent is the plain language of the statute." *Le Gassick*, 330

---

[2] Plaintiffs also asserted claims of defamation and false light, which were dismissed by the trial court under MCR 2.116(C)(6) because they were raised in another forum. Plaintiffs do not challenge the dismissal of these claims on appeal.

Mich App at 495 (citation omitted). "If the language of the statute is clear and unambiguous, it is presumed that the Legislature intended the meaning plainly expressed in the statute." *Id*. We "give effect to every word, phrase, and clause," avoiding "an interpretation that would render any part of the statute surplusage or nugatory." *Id*. We also give common words and phrases their plain meaning "as determined by the context in which the words are used, and a dictionary may be consulted to ascertain the meaning of an undefined word or phrase." *Id*.

## B. DISCUSSION

Plaintiffs claim that the trial court erred when determining that the photograph taken of Maritas was not eavesdropping because defendants' public distribution of the photograph constitutes the transmission of Maritas's "private discourse."[3]

MCL 750.539d(1) provides that "a person shall not do either of the following":

> (a) Install, place, or use in any private place, without the consent of the person or persons entitled to privacy in that place, any device for observing, recording, transmitting, photographing, or eavesdropping upon the sounds or events in that place.

> (b) Distribute, disseminate, or transmit for access by any other person a recording, photograph, or visual image the person knows or has reason to know was obtained in violation of this section.

"A person who violates or attempts to violate this section is guilty of a crime[.]" MCL 750.539d(3). Although MCL 750.539d(1) is a criminal statute, MCL 750.539h permits plaintiffs to recover civil damages if they face unlawful eavesdropping. MCL 750.539h states:

> Any parties to any *conversation* upon which *eavesdropping* is practiced contrary to this act shall be entitled to the following civil remedies:

> (a) An injunction by a court of record prohibiting further eavesdropping.

> (b) All actual damages against the person who eavesdrops.

> (c) Punitive damages as determined by the court or by a jury. [Emphasis added.]

While MCL 750.539d imposes criminal liability for recording, transmitting, photographing, or eavesdropping upon the sounds or events in a private place without consent, recovery of damages under MCL 750.539h is limited *only* to eavesdropping on a conversation. Thus, the issue before

---

[3] Defendants contend that plaintiffs' brief is so inadequate that it amounts to an abandonment of their entire appeal. Because plaintiffs' brief presents their arguments and provides authority in support of many of their contentions, plaintiffs' failure to adequately brief every contention does not constitute abandonment of their entire appeal.

us is whether taking and disseminating Maritas's photograph constitutes eavesdropping under MCL 750.539h.

Eavesdropping is defined by statute as: "to overhear, record, amplify or transmit any part of the *private discourse* of others without the permission of all persons engaged in the discourse." MCL 750.539a(2) (emphasis added). Although the statute does not define "private discourse," this Court has previously recognized that "its ordinary dictionary definition is *communication of thought by words*; talk; conversation; . . . any unit of connected speech or writing longer than a sentence." *Lewis v LeGrow*, 258 Mich App 175, 185; 670 NW2d 675 (2003) (cleaned up; emphasis added). As such, eavesdropping "is limited to overhearing, recording, amplifying, or transmitting the private, oral, or written communication of others without the permission of all persons engaged in the communication." *Id*. (cleaned up). As a matter of common sense, the photograph of Maritas does not record or transmit oral communication, as it involves no spoken words. Nor does the photograph depict any written communication by Maritas. Thus, although the photograph may be considered a visual means of communication, because it does not record or transmit the private discourse of Maritas, the trial court did not err by concluding that plaintiffs failed to state a cause of action under MCL 750.539h.

Plaintiffs, relying primarily on dicta from unpublished caselaw,[4] contend that photographs are communications that constitute "private discourse" under the statute. The cases that plaintiffs rely on, however, are unrelated to the question of whether a photograph constitutes the private discourse of others under MCL 750.539a(2). As such, they are inapplicable and unpersuasive. Plaintiffs also claim that when determining whether the photograph constitutes the "private discourse of others," the trial court should have considered that the photograph was taken during an oral, not video, deposition and the "communicative intent" of defendants. Because plaintiffs do not cite any caselaw in support of their contentions, their arguments are abandoned. See *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002) ("[W]here a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court.") (cleaned up). Regardless, their arguments lack merit because the plain language of MCL 750.539h requires no such consideration. The eavesdropping statute was designed to protect the unconsented recording or transmission of an individual's private discourse. The format of the deposition and defendants' intent when posting the photograph are irrelevant to determining whether a photograph records or transmits Maritas's private, oral, or written communication.

Plaintiffs' interpretation also fails to give meaning to each word of the statute by conflating "eavesdropping" with "photographing." MCL 750.539d(1)(a) lists a series of prohibited actions— "observing, recording, transmitting, photographing, or eavesdropping"—each of which must retain some independent meaning. Adopting plaintiffs' argument that photographing Maritas equates to eavesdropping would render portions of the statute surplusage or nugatory, which we always endeavor to avoid. See *Le Gassick*, 330 Mich App at 495. Although defendants' taking

---

[4] While they may be considered for their persuasive value, unpublished opinions are not precedentially binding on this Court. MCR 7.215(C)(1); *Kern v Kern-Koskela*, 320 Mich App 212, 241; 905 NW2d 453 (2017).

and dissemination of the unconsented photograph of Maritas may violate MCL 750.539d(1), this violation does not entitle plaintiffs to civil remedies under MCL 750.539h. Because plaintiffs' eavesdropping claim "is so clearly unenforceable that no factual development could possibly justify recovery," *El-Khalil*, 504 Mich at 159, the trial court did not err by granting summary disposition in favor of defendants.[5]

 We affirm.

/s/ Kristina Robinson Garrett
/s/ Michael J. Riordan
/s/ Anica Letica

---

[5] In their brief, defendants request that we award them actual and punitive damages because plaintiffs filed a "vexatious appeal" under MCR 7.216(C)(1)(a). A party's request for damages for a vexatious appeal "must be contained in a motion" filed under MCR 7.211, not in a brief. MCR 7.211(C)(8). Because defendants failed to file a motion in accordance with MCR 7.211(C)(8), we decline to address their request.